UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHYLLIS BUCHANAN ROARK,

    Plaintiff,

v.                                              Case No:   6:14-cv-84-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits under the Act.

I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, administrative record, and the pleadings and memoranda submitted by the parties.   For the reasons that follow, I respectfully recommend that the Commissioner's final decision in this case be **reversed** and **remanded** for further proceedings consistent with the findings in this report, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background

Plaintiff applied for disability insurance benefits on December 8, 2010.   (Tr. 1119-20, 132).   She alleged disability beginning on May 6, 2000 due to degenerative disc disease, bipolar, diabetic, skin cancer, cholesterol, major depression, obsessive compulsive disorder, sciatica, arthritis, chronic migraine headaches, and compressed

deteriorating spinal discs. (Tr. 135). Plaintiff was 54 years old on December 31, 2005, which is her date last insured, and she has a high school diploma. (Tr. 22, 121). She reports past work as a custodian. (Tr. 137). Plaintiff's application for disability insurance benefits was denied initially and on reconsideration. (Tr. 13, 61-63, 67-68). On April 23, 2012, at Plaintiff's request, a hearing was held before the ALJ who issued an adverse decision on May 24, 2012. (Tr. 13-24, 29-58). On December 11, 2013, the Appeals Council denied Plaintiff's timely request for review. (Tr. 2-8). She has exhausted her administrative remedies and this case is ripe for consideration under 42 U.S.C. § 405(g).

## The ALJ's Decision

In determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Commissioner and stated in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset through her date last insured. (Tr. 15). At step two, the ALJ found that Plaintiff was severely impaired by degenerative disc disease/osteoarthritis and depression. (Id.). At step three, the ALJ concluded that

Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).  (Tr. 16-18).  The ALJ also determined Plaintiff's residual functional capacity ("RFC").  (Tr. 18-22).  At step four, the ALJ decided that Plaintiff was not capable of performing her past relevant work.  (Tr. 22). The ALJ also found that Plaintiff was 54 years old on her date last insured, she had at least a high school education, and the transferability of her job skills was immaterial "to the determination of disability because using the Medical-Vocational Rules (the "Grids") as a framework supported a finding that Plaintiff was not disabled.  (Id.).  At step five, the ALJ concluded that Plaintiff was not disabled because there are jobs in the national economy including maid/housekeeper, small product assembler, and sorter that she could perform.  (Tr. 22-23).

Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla but less than a preponderance.  It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against

the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote, 67 F.3d 1533, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

### A. Plaintiff's Age Makes This a Borderline Case

The Commissioner treats a claimant's chronological age as a vocational factor. 20 C.F.R. § 404.1563. The Regulations provide: "We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work. We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older)." Id. at subsection (e). "A borderline situation exists where there would be a shift in results under the Grid caused by the 'passage of a few days or months.'" Chester v. Heckler, 610 F. Supp. 533, 534 (S.D. Fla. 1985) (quoting Fogg v. Schweiker, No. 81-1232 (1st Cir. Oct. 13, 1984)).[1]

The Regulations provide that the Commissioner "will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors in your case." 20 C.F.R. § 404.1563(b).

---

[1] Fogg was subsequently adopted by the Secretary as Social Security Ruling (SSR) 82-46c. See Chester, 610 F. Supp at 535.

- 4 -

Twenty-eight days after her date last insured, Plaintiff turned 55 years old, i.e., a person of advanced age. She complains that the ALJ failed to consider whether to use the advanced age category in her case. (Doc. 15 at 10). Plaintiff contends that this error was unfairly prejudicial because if the ALJ had treated her as a person of advanced age then using the Grids, she would have been found disabled. (Id. at 9). Alternatively, Plaintiff argues that she proffered substantial credible evidence that "her ability to adapt to other work is less than the level established by the Grids for [other] persons of [her] age." (Id.).

Application of the correct age category by the ALJ is a finding of fact. See Eljack v. Astrue, Case No.: 2:11-cv-1854-VEH, 2012 U.S. Dist. LEXIS 86804, at *12 (N.D. Ala. June 22, 2012). As a person aged 54, Plaintiff was considered to be "closely approaching advanced age." 20 C.F.R. § 404.1563(d). Twenty-eight days later, the Commissioner re-categorized her as a person of advanced age. Taking into account that Plaintiff has a high school diploma, past work that is unskilled, at age 55 the Grids dictate a finding of disability even if Plaintiff possessed the capacity to perform light work. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.04. Section 202.00(c) states:

> [F]or individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

The United States Court of Appeals for the Eleventh Circuit has not decided whether ALJ's have a responsibility to identify borderline age situations where relevant and courts within the circuit disagree. I am persuaded by those cases that do assign this responsibility to the ALJ. See Crook; Sellers v. Astrue, Case No. 1:07-cv-01131-VEH,

2008 U.S. Dist. LEXIS123853 (N.D. Ala. Mar. 10, 2008); see also Rogers v. Comm'r. Soc. Sec., No. 6:12-cv-1156-Orl-GJK, 2013 WL 5330452, at *4-5 (M.D. Fla. Sept. 23, 2013) (Magistrate Judge Gregory Kelly determined that the "Appeals Council's order does not even acknowledge [the existence of a] borderline situation, much less discuss it ... Accordingly, this error warrants reversal for further proceedings.   On remand, the Appeals Council and/or ALJ shall provide Claimant an opportunity to be heard on this issue, and shall make an individualized determination of the age factor and expressly articulate their consideration of the Claimant's borderline situation."); Pettway v. Astrue, CA 10-127-C, 2010 U.S. Dist. LEXIS 101693, at *4 n. 2 (S.D. Ala. Sept. 27, 2010) (citing to Smith v. Barnhart, No. 00 C 2643, 2002 WL 126107, at *3) (N.D. Ill. Jan. 31, 2001) ("The first step for an ALJ is to determine whether a borderline situation exists.   This is done by determining, based on the evidence, whether a claimant's age is within a few days or a few months of a higher age category at the time the disability insured status expires.")).

These decisions are consistent with the Appeals Council's advisory interpretation of the applicable Regulations in the Hearing Appeals and Litigation Law Manual ("HALLEX").   There, the Appeals Council states that ALJs are supposed to apply a two part test to identify borderline age situations:

> To identify borderline age situations when making disability determinations, adjudicators **will apply** a two-part test:
>
> (1) Determine whether the claimant's age is within a few days or a few months of a higher age category.
>
> (2) If so, determine whether using the higher age category would result in a decision of "disabled" instead of "not disabled."
>
> If the answer to one or both is "no," a borderline age situation either does not exist or would not affect the outcome. The adjudicator will then use the claimant's chronological age.

> If the answer to both is "yes," a borderline age situation exists and the adjudicator must decide whether it is more appropriate to use the higher age or the claimant's chronological age. (Use of the higher age category is not automatic.)

HALLEX II-5-3-2 (1993) (emphasis added).

It is well established that although HALLEX interpretations do not carry the force of law, an ALJ's failure to follow HALLEX procedures may justify reversal if it results in prejudice to a claimant. See Ogletree v. Colvin, No. 5:12-cv-389 (MTT) (CHW), 2013 U.S. Dist. LEXIS 168146, at *24 n.7 (M.D. Ga. Oct. 3, 2013); see also Warren v. Astrue, 830 F. Supp. 2d 1369, 1372 (S.D. Fla. Dec. 12, 2011); Tarver v. Astrue, No. CA 10-0247-C, 2011 WL 206217, at *3 (S.D. Ala. Jan. 21, 2011); Shave v. Apfel, 238 F.3d 592, 596 (5th Cir. 2001).

The Commissioner concedes that the Regulations "direct that adjudicators will not mechanically apply the age categories of the Grids in borderline age situations, meaning the adjudicator must 'consider whether to use the older age category after evaluating the overall impact of all the factors' in the case." (Doc. 18 at 8) (emphasis in original) (citing 20 C.F.R. §404.1563(b)). But, the Commissioner argues that the "regulations do not require that the ALJ explain her consideration, and her not providing an explanation does not mean the applicability of the older age category was not considered." (Id.).

The ALJ's decision makes no mention of the fact that this is a borderline case and is devoid of any analysis of the appropriateness of classifying Plaintiff as a person of advanced age. The Commissioner invites the Court to conclude that "by relying on the Grid rule applicable to claimants [sic] closely approaching advanced age the ALJ implicitly found the older age category should not apply." (Doc. 18 at 8). This argument does not comport with HALLEX II-5-3-2 and the holdings in Crook, Sellers, Rogers,

Pettway, and Smith.

The Court can only know if the ALJ considered a claimant's borderline age situation if that fact appears explicitly or implicitly in the ALJ's decision. The Commissioner argues that the ALJ's recognition and consideration of Plaintiff's borderline situation can be implied by the fact that the ALJ applied vocational rule 202.14 to Plaintiff's case. (Id.) (citing to Hutchinson v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986). I disagree. The ALJ made the following reference to Rule 202.14: "Through the date last insured, if the claimant had the residual functional capacity to perform the full range of light work, a finding of 'not disabled' would be directed by Medical -Vocational Rule 202.14." (Tr. 23).

First, Rule 202.14 deals with a person who is closely approaching advance age, who is at least a high school graduate, with prior work that is skilled or semi-skilled but not transferable. 20 C.F.R. Pt. 404, Subpt. P., App.2, Rule 202.14. The Rule does not apply to Plaintiff because her prior work experience was as a custodian, which is not a skilled or semi-skilled occupation.

Second, Rule 202.14 does not apply to persons of advanced age and the ALJ's reference to the Rule cannot reasonably be understood to mean the ALJ considered treating Plaintiff as a person of advanced age. To the contrary, the ALJ's reference to Rule 202.14 suggests a mechanical application of the Grids in contravention of the applicable Regulation.

Third, the Commissioner's reliance on Hutchinson is erroneous. Hutchinson presented a materially different factual situation than is before the Court in this case. The case does not stand for the proposition that at step five - where the burden has shifted to the Commissioner - the ALJ is permitted to make implied findings of fact

concerning the proper application of the Grids. In Hutchinson, the Circuit Court found that by moving on to steps four and five of the sequential evaluation process, it could be implied that the ALJ determined that Plaintiff failed to meet a listing under sequential evaluation step three. 787 F.2d 1461, 1463 ("We find, however, that while the ALJ did not explicitly state that the appellant's impairments were not contained in the listings, such a determination was implicit in the ALJ's decision ... There may be an implied finding that a claimant does not meet a listing ... We thus consider it clear that the ALJ, in reaching the fourth and fifth steps of the disability analysis, implicitly found that appellant did not meet any of the Appendix 1 impairments.").

The ALJ's error is prejudicial because had she considered Plaintiff's age when applying the Grids, the ALJ would have had to analyze and decide whether it was more appropriate to give Plaintiff the benefit of the 28 days, and find that for purposes of determining her right to benefits, Plaintiff should be considered a person of advanced age, and thus, disabled. See 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.06; Crook, 244 F. Supp.2d at 1284. For this reason, I find that the ALJ's ultimate decision is not based on substantial evidence.

The Commissioner also argues that the ALJ did not rely exclusively on the Grids, and that Plaintiff failed to rebut a vocational expert witness' testimony that there are a significant number of jobs in the national economy Plaintiff could perform. (Id. at 8-10). The ALJ did take testimony from a vocational expert to determine the types of jobs Plaintiff could perform. But, according to the ALJ, the Grids, are the true framework for her decision:

> 9. Transferability of job skills is not material to the determination of disability because using the [Grids] as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job

skills[.]

(Tr. 22).[2]  Because the ALJ's ultimate decision is substantially based upon the Grids, and the ALJ failed to consider that Plaintiff was only 28 days shy of advanced age, I conclude that the ALJ committed reversible error despite her reliance on the vocational expert's testimony.

### B. Plaintiff's Remaining Arguments

Because remand is required on the issue of the ALJ's application of the Grids, it is unnecessary to review Plaintiff's additional objections to the ALJ's decision.  Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

3. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

4. Plaintiff be directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

---

[2] Numerous courts have held that "[f]or purposes of determining age under the Grids, the claimant's age as of the time of the [agency] *decision* governs." Rogers, 2013 WL 5330452, at *3 n.5; Eljack, 2012 U.S. Dist. LEXIS 86804, at *10; Overstreet v. Astrue, No. 11-cv-1238, 2012 U.S. Dist. LEXIS 7382, at *11-12 (N.D. Ala. May 29, 2012); Crook, 244 F. Supp. 2d. at 1283.  Although Plaintiff has not raised it as an issue, it appears that the ALJ may have "erred with respect to determining the point in time to ascertain [Plaintiff's] age under the Grids." Rogers, 2013 WL 5330452, at *3 n.5.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. F<small>LA</small>. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on January 29, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record