**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PHYLLIS BUCHANAN ROARK,

    Plaintiff,

v.                                                            Case No. 6:14-cv-84-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This cause is before the Court on the following:

1. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 19), filed January 29, 2015;

2. Commissioner's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 20), filed February 11, 2015; and

3. Plaintiff's Response to Defendant's Objections to the January 29, 2015 Magistrate Judge's Report and Recommendation (Doc. 21), filed February 24, 2015.

In this Social Security case, U.S. Magistrate Judge Thomas B. Smith entered a Report and Recommendation ("R&R") that the administrative law judge ("ALJ") erred by mechanically applying 20 C.F.R. § 404.1563(b) because Plaintiff, who reached the "advanced age" category only twenty-eight days after her date last insured, fell within a borderline age situation. Judge Smith recommends that this error requires reversal of the Commissioner's decision and remand. (*Id.* at 4–10.) The Commissioner objected to the R&R (Doc. 20), and Plaintiff responded (Doc. 21).

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Upon consideration of the record as a whole and the Commissioner's objections, the Court agrees with Magistrate Judge Smith's comprehensive, well-reasoned R&R (Doc. 19, pp. 4–10), and finds that this case is similar to *Rogers v. Comm'r of Soc. Sec.*, No. 6:12-cv-1156-Orl-GJK, 2013 WL 5330452, *3–4 (M.D. Fla. Sept. 23, 2013). Relying on the fact that "the Appeal's Council's order [did] not even acknowledge that [a] borderline situation [existed], much less discuss it," the *Rogers* court required that "[o]n remand . . . the ALJ shall provide Claimant an opportunity to be heard on this [borderline situation] issue, and shall make an individualized determination of the age factor and expressly articulate their consideration of the Claimant's borderline situation." *Id.* at *5. The same should happen here. The Commissioner's objections are simply an unpersuasive rehash of its prior arguments.[1] Thus, the R&R is due to be adopted, the

---

[1] The Commissioner relies on a case from the U.S. Court of Appeals for the Sixth Circuit, *Bowie v. Comm'r of Soc. Sec.*, for the proposition that, although an ALJ must "consider" whether to use the older age category in a borderline situation, "nothing in [20 C.F.R § 404.1563(b)] obligates an ALJ to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular age-category determination." 539 F.3d 395, 398–400. *Bowie* is not binding on this Court. For the sake of consistency within this District, the Court adopts the holding and analysis of *Rogers* unless and until the Eleventh Circuit adopts the *Bowie* or a similar holding.

Commissioner's decision is due to be reversed, and this case is due to be remanded.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Commissioner's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 20) are **OVERRULED**.

2. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 19) is **ADOPTED AND CONFIRMED** and made a part of this Order.

3. The decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further proceedings.

4. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant and to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 20, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record