UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHYLLIS BUCHANAN ROARK,

    Plaintiff,

v.                                                  Case No:   6:14-cv-84-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

### REPORT AND RECOMMENDATION

    Pending before the Court is Plaintiff's Unopposed Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (Doc. 28).  I respectfully recommend that the motion be **granted**.

    On January 17, 2014, Plaintiff filed her complaint seeking judicial review of a final decision of the Defendant Commissioner of the Social Security (Doc. 1).  Plaintiff applied for disability insurance benefits on December 8, 2010 (Doc. 15 at 2).  Her application for benefits was denied initially and on reconsideration.  (Tr. 13, 61-63, 67-68).  On April 23, 2012, at Plaintiff's request, a hearing was held before an administrative law judge who issued an adverse decision on May 24, 2012.  (Tr. 13-24, 29-58).  On December 11, 2013, the Appeals Council denied Plaintiff's timely request for review.  (Tr. 2-8).  She retained Richard A. Culbertson, Esq., who filed this action on her behalf.

    The Commissioner answered the complaint and the parties filed their respective legal memoranda addressing the merits of Plaintiff's claims (Docs. 10, 15, 18).  I entered a scheduling order (Doc. 13) and on January 29, 2015, submitted my report and

recommendation that the district judge reverse and remand the final decision of the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 19).  My report and recommendation was adopted by the district judge on March 20, 2015 (Doc. 22).  On March 23, 2015, the clerk entered judgment accordingly (Doc. 23).  Later, on my report and recommendation, the district judge found that the Commissioner's position was substantially justified and denied Plaintiff's request for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") (Docs. 26 and 27).

On remand, the agency awarded Plaintiff years of past due benefits in an amount in excess of $36,000, as well as ongoing future benefits (Doc. 28 ¶ 2; Doc. 28-2 at 1). Her fee agreement provides for attorney's fees in the amount of 25% of any past due benefits awarded to her and her family, minus EAJA fees (Doc. 28-1).  Plaintiff's lawyer is seeking a net award of $12,221, which he asserts is the amount that was withheld by the Social Security Administration for the payment of attorneys' fees (Doc. 28 at ¶¶ 2-3).

Pursuant to 42 U.S.C. § 406(b), an attorney who secures a favorable result for the client on remand may petition the court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"  Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).  "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  The Commissioner does not oppose this motion (Doc. 28 at 2).

After due consideration, it is **respectfully recommended** that the district court **GRANT** Plaintiff's motion and approve her request for § 406(b) fees **in the amount of**

**$12,221** which is an amount equal to 25% of Plaintiff's past due benefits. There are no EAJA fees to subtract in this case.

### Notice to Parties

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 28, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record